UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NICOLE SCIACCA, individually and on behalf of others similarly situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>ACRISURE, LLC<br><br>    *Defendant.* | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Case No.: |

## **CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, NICOLE SCIACCA ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys BROWN, LLC, hereby brings this Collective and Class Action Complaint against Defendant ACRISURE, LLC ("Defendant"), and states as follows:

## **INTRODUCTION**

1.      Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendant who were subject to Defendant's common policy and practice of misclassifying employees as exempt from overtime, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

2.      Additionally, Plaintiff brings this action individually and as a Rule 23 class action to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violations of the New York Labor Law ("NYLL"), including but not limited to NYLL §§ 650 *et seq.*, 663, 190 *et seq.*, and 198, as well as the New York State Department of Labor regulations codified at 12 N.Y.C.R.R. Part 142 (collectively, the "New York Wage-and-Hour Laws").

1

3.      Defendant maintains a common policy and practice of classifying Plaintiff and similarly situated Account Managers as exempt from overtime and failing to pay them overtime compensation at one and one-half (1.5) times their regular rate for hours worked in excess of forty (40) in a workweek. Defendant also fails to comply with New York Labor Law requirements concerning wage notices, wage statements, and spread-of-hours pay.

4.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of the "FLSA Collective," defined as:

> *All individuals employed by Defendant anywhere in the United States or any other place covered by the FLSA who worked in the "Account Manager" position or in any other position with materially similar primary job duties, were classified as exempt from overtime, and were paid on a salary basis, at any time during the three (3) years preceding the filing of this Complaint through the present.*

5.      Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of the Rule 23 New York Class (the "Rule 23 Class"), defined as:

> *All individuals employed by Defendant in New York who worked in the "Account Manager" position or in any other position with materially similar primary job duties, were classified as exempt from overtime, and were paid on a salary basis, at any time during the six (6) years preceding the filing of this Complaint through the present.*

6.      Plaintiff seeks judgment against Defendant for unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs on behalf of herself, the putative FLSA Collective, and the Rule 23 Class.

**<u>JURISDICTION AND VENUE</u>**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2

8.    This Court has supplemental jurisdiction over Plaintiff's state law claims, including claims under the NYLL, pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claims.

9.    This Court has general personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District by virtue of its principal place of business in Grand Rapids, Michigan.

## PARTIES

### Defendant

11.    Defendant is a limited liability company organized under the laws of Delaware, with its principal place of business located at 200 Ottawa Avenue NW, Suite 600, Grand Rapids, Michigan.

12.    Defendant conducts substantial business operations throughout the United States, including in New York, where it employed Plaintiff and other similarly situated employees.

13.    Defendant's exemption classifications and salary-based compensation practices are implemented and maintained through centralized corporate policies, payroll, and human resources functions headquartered in this District.

### Plaintiff

14.    Plaintiff is a resident of Richmond County, New York, and was employed by Defendant as an Account Manager from approximately May 2024 to March 5, 2026, during which time she performed her work in New York, including remotely from New York.

3

## FACTUAL ALLEGATIONS[1]

15.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

16.    At all relevant times, Defendant has and continues to operate an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

17.    Defendant is an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s), because it employs individuals who regularly engage in interstate commerce and who handle, sell, or work on goods, materials, and information that have moved in or were produced for interstate commerce.

18.    Account Managers routinely handle and work with interstate materials and information, including insurance policies, carrier and brokerage systems, client accounts, and electronic communications transmitted across state lines.

19.    Defendant employs two or more employees who, in the course of their job duties, handle, sell, or otherwise work with goods, materials, and information that have moved in interstate commerce.

20.    Defendant's ordinary business activities include transactions and communications that result in sales made and business conducted in interstate commerce.

21.    Account Managers regularly engage in interstate commerce, including by communicating with out-of-state carriers and clients and handling insurance policies and related information transmitted across state lines.

22.    At all times relevant to this action, Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

23.    Account Managers are "employees" within the meaning of 29 U.S.C. § 203(e)(1).

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of six years prior to the filing of this action through the date of judgment.

24.    Defendant suffers and permits Account Managers to work and therefore employs them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

***Defendant's Business and Operational Control***

25.    Defendant operates as an insurance brokerage and risk management company, providing insurance-related services to clients nationwide.

26.    Defendant substantially controls the manner in which Account Managers perform the essential functions of their jobs, including by establishing workflows, procedures, timelines, performance expectations, and prescribed methods for completing assigned work.

27.    Defendant provides Account Managers with the tools, systems, software, and equipment necessary to perform their job duties, including computer systems, internal platforms, carrier portals, and electronic communication tools.

***Recordkeeping, Supervision, and Compensation Practices***

28.    Defendant promulgates and enforces work rules, policies, and procedures that apply uniformly to Account Managers.

29.    Defendant records and maintains certain employment and work-related records for Account Managers, but fails to maintain accurate records of the actual hours worked, including overtime hours, as required by the FLSA and applicable state law.

30.    Defendant supervises the work performed by Account Managers and exercises control over their workload, schedules, and performance expectations, including by assigning tasks and setting deadlines that require work in excess of forty hours in a workweek.

31.    Defendant retains the authority to terminate the employment of Account Managers at any time.

32.     Defendant determines the rate and method of payment for Account Managers, including by classifying them as salaried and exempt from overtime and setting their compensation without regard to the actual hours worked.

33.     Defendant classifies Account Managers  as exempt from the overtime requirements of the FLSA and state law.

34.     Defendant also fails to provide Plaintiff and members of the Rule 23 Class with wage notices and wage statements that comply with New York Labor Law §§195(1) and 195(3).

35.     Defendant classifies Account Managers as exempt from overtime due to the Administrative Exemption.

36.     Defendant's classification of Account Managers as exempt from the overtime requirements of the FLSA and state law is incorrect and unlawful.

***Overtime Practices and Workload Expectations***

37.     Account Managers' primary job duties are to perform commercial insurance account servicing work, including handling renewals and related communications with clients and carriers.

38.      This work is performed within Defendant's standardized workflows and performance expectations.

39.     Defendant classifies Account Managers as exempt from overtime and pays them on a salary basis, without providing overtime compensation for hours worked in excess of forty hours in a workweek.

40.     Defendant regularly suffers and permits Account Managers to work more than forty hours per workweek.

41.    Defendant employs Account Managers to perform work related to servicing, managing, and maintaining client insurance accounts as part of Defendant's core insurance brokerage and risk management operations.

42.    Defendant maintains a common policy and practice of failing to pay Account Managers overtime compensation at one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA. See 29 U.S.C. § 207(a)(1).

43.    Defendant does not pay the Account Managers any overtime premium for hours worked in excess of forty hours in a workweek.

44.    In other words, Defendant fails to pay Account Managers any additional compensation at a premium rate for overtime hours worked.

45.    Instead, Defendant treats their salaries as their only compensation for hours worked, regardless of the number of hours worked in a given workweek.

46.    Account Managers are compensated on a salary basis and classified as exempt from overtime.

47.    Account Managers regularly work extended hours, including evenings, weekends, and through meal periods, in order to meet Defendant's workload demands, deadlines, and performance expectations.

48.    Account Managers also work significant overtime during discrete periods of heightened workload.

49.    In order to meet Defendant's renewal deadlines, revenue expectations, and account servicing demands, Plaintiff regularly performed work outside of standard business hours, including evenings, weekends, and late nights.

*Plaintiff's Off-Hours Work and Defendant's Knowledge*

50. Defendant has actual and constructive knowledge that Account Managers work extended hours to manage their assigned accounts, yet Defendant continued to classify them as exempt and pay them a fixed salary regardless of the number of hours worked.

51. The primary duties of Account Managers consist of servicing existing insurance accounts through standardized procedures and prescribed workflows.

52. Defendant closely supervises Account Managers' daily activities.

53. Defendant imposes short turnaround deadlines and exercises substantial control over the manner and timing of Account Managers' work.

54. Despite knowing that Account Managers routinely work more than forty (40) hours per workweek to meet these expectations, Defendant fails to pay any overtime premium compensation.

55. Despite working overtime, Account Managers do not receive any overtime premium compensation for those hours.

56. Account Managers are entitled to receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty hours in a workweek, but do not receive such compensation.

57. Defendant employs Account Managers in New York during the relevant period whose workdays include spans between the first and last work time exceeding ten (10) hours, including Plaintiff, who on multiple workdays has a spread of hours exceeding ten (10) hours.

58. On such days, Defendant failed to pay the additional one (1) hour of pay at the applicable minimum wage rate required by New York law, and this failure can be shown through Defendant's time and payroll records.

59.     Defendant knows or recklessly disregards that members of the FLSA Collective and Rule 23 Class are entitled to overtime compensation under the FLSA and nevertheless fails to pay such compensation.

## COLLECTIVE ACTION ALLEGATIONS

60.     With respect to the claims asserted herein, a collective action under the FLSA is appropriate because the members of the FLSA Collective are similarly situated to one another within the meaning of 29 U.S.C. § 216(b). Specifically, members of the FLSA Collective are or have been employed by Defendant in the same or similar positions, are subject to the same or similar compensation policies and classification practices, and are denied overtime compensation pursuant to Defendant's common policy or practice of classifying them as exempt from overtime.

61.     The claims of the members of the FLSA Collective arise from the same or similar unlawful policies, practices, and decisions of Defendant, including the uniform classification of employees in the same or similar roles as exempt from overtime, the failure to pay overtime compensation for hours worked in excess of forty hours in a workweek, and the failure to maintain accurate records of hours worked. The factual and legal issues central to the resolution of these claims do not vary materially among the members of the FLSA Collective.

62.     Defendant applies its classification and compensation practices to members of the FLSA Collective on a companywide basis. As a result, the employment relationships between Defendant and the members of the FLSA Collective are substantially similar and differ primarily by job title, work location, and compensation level, rather than by material differences in job duties or overtime eligibility.

63.     Plaintiff alleges, on information and belief, that the FLSA Collective consists of numerous current and former employees. The precise number of members of the FLSA Collective

is within Defendant's possession, custody, and control and can be ascertained through Defendant's personnel, payroll, and employment records.

## RULE 23 CLASS ACTION ALLEGATIONS

64.     The members of the Rule 23 Class are so numerous that joinder of all class members is impracticable. Upon information and belief, the Rule 23 Class consists of numerous current and former employees of Defendant. The members of the Rule 23 Class are readily identifiable through Defendant's electronic payroll, personnel, and employment records.

65.     Common questions of law and fact predominate over any questions affecting only individual members of the Rule 23 Class. These common questions include, but are not limited to:

    a. Whether Defendant classified Rule 23 Class members as exempt from overtime under the FLSA and New York Labor Law;

    b. Whether Rule 23 Class members worked more than forty (40) hours in a workweek;

    c. Whether Defendant failed to pay Rule 23 Class members overtime compensation at one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek; and

    d. Whether Defendant is liable for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs under New York law.

66.     Plaintiff's claims are typical of the claims of the Rule 23 Class because Plaintiff and all Rule 23 Class members are subject to Defendant's uniform classification and compensation practices and are injured by the same unlawful policies and practices. Plaintiff's claims arise from the same course of conduct and are based on the same legal theories as the claims of the Rule 23 Class.

67. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class. Plaintiff has no interests antagonistic to those of the Rule 23 Class and has retained counsel experienced in prosecuting wage-and-hour class and collective actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the Rule 23 Class.

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Rule 23 Class members are relatively small, making individual actions impracticable. Class treatment will also promote judicial economy and consistency by resolving common issues of law and fact in a single proceeding.

69. This action is manageable as a class action. Defendant maintains centralized, electronic payroll and personnel systems capable of identifying class members and calculating wages, hours worked, and damages. Plaintiff is not aware of any unusual difficulties that would prevent this case from being litigated as a class action.

70. Because the requirements of Rule 23(b)(3) are satisfied, class certification is appropriate. See *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).

71. In addition, Defendant has acted or refused to act on grounds that apply generally to the Rule 23 Class, making declaratory and injunctive relief appropriate with respect to the class as a whole. Accordingly, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(Brought Individually and as a Collective Action)**
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. Defendant requires Plaintiff and the members of the FLSA Collective to work more than forty (40) hours in a workweek and fails to pay overtime compensation at the rate of one and

one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

74.     Defendant's violations of the FLSA are willful in that Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

75.     Pursuant to 29 U.S.C. § 216(b), Plaintiff and the members of the FLSA Collective are entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

**COUNT II**
**(Brought Individually and on Behalf of the Rule 23 Class)**
**Violations of the NYLL, N.Y. Lab. Law § 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.2**
**FAILURE TO PAY OVERTIME WAGES**

76.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

77.     All members of the Rule 23 Class are entitled to receive overtime wages pursuant to the New York Labor Law and its implementing regulations.

78.     At all relevant times, Defendant is an "employer," and Plaintiff and the members of the Rule 23 Class are "employees" within the meaning of the New York Labor Law.

79.     New York Labor Law § 650 et seq. and the regulations promulgated thereunder require employers to pay non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

80.     12 N.Y.C.R.R. § 142-2.2 requires that an employee be paid overtime compensation at one and one-half times the employee's regular rate of pay for hours worked over forty (40) in a workweek, unless a lawful exemption applies.

81.     Defendant fails to pay Plaintiff and the members of the Rule 23 Class overtime compensation for hours worked in excess of forty (40) in a workweek, in violation of the New York Labor Law and its implementing regulations.

12

82.    Defendant unlawfully classifies Plaintiff and the members of the Rule 23 Class as exempt from overtime under the administrative and/or outside sales exemptions.

83.    As a result of Defendant's unlawful compensation practices, Plaintiff and the members of the Rule 23 Class are denied overtime wages to which they are entitled under the New York Labor Law.

84.    Defendant's violations of the New York Labor Law are willful and intentional, entitling Plaintiff and the members of the Rule 23 Class to liquidated damages pursuant to New York Labor Law § 663(1).

85.    Defendant's violations are ongoing and continuous and occur pursuant to Defendant's uniform policies and practices applicable to Plaintiff and the members of the Rule 23 Class.

86.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the members of the Rule 23 Class suffer damages, including unpaid overtime wages, liquidated damages, statutory interest, reasonable attorneys' fees, and costs.

87.    Pursuant to New York Labor Law §§ 663 and 198, Plaintiff and the members of the Rule 23 Class seek all available legal and equitable relief, including recovery of unpaid wages, liquidated damages, pre-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT III**
**(Brought Individually and on Behalf of the Rule 23 Class)**
**VIOLATIONS OF THE NYLL, N.Y. Lab. Law § 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES AT HIRE**

88.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

89.    New York Labor Law § 195(1) requires employers to provide employees, at the time of hire, a written notice containing, among other things, the employee's rate of pay, basis of

13

pay, allowances claimed, the employer's designated pay day, and other information required by statute and regulation.

90.    Upon information and belief, Defendant fails to provide Plaintiff and members of the Rule 23 Class, at the time of hire, with wage notices that contain all information required by New York Labor Law § 195(1) and applicable regulations, including accurate notice of their rate(s) of pay and basis of pay, the regular pay day, and other required employer and wage information.

91.    As a result of Defendant's failure to provide compliant wage notices at hire, Defendant is liable to Plaintiff and members of the Rule 23 Class for statutory damages, together with reasonable attorneys' fees and costs, pursuant to New York Labor Law § 198(1-b).

**COUNT IV**
**(Brought Individually and on Behalf of the Rule 23 Class)**
**VIOLATIONS OF THE NYLL, N.Y. Lab. Law § 195(3)**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

92.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.    New York Labor Law § 195(3) requires employers to furnish employees, with each payment of wages, wage statements containing accurate information including, among other things, the dates of work covered, rate(s) of pay, gross wages, deductions, net wages, allowances claimed (if any), and other information required by statute and regulation.

94.    Upon information and belief, Defendant fails to provide Plaintiff and members of the Rule 23 Class with wage statements that comply with New York Labor Law § 195(3), including by issuing wage statements that reflect an exempt salaried classification and do not accurately state the hours worked, overtime hours worked, or overtime wages owed.

95.    Defendant's wage statements further fail to include accurate information regarding applicable rate(s) of pay and overtime premium compensation due for overtime hours worked, thereby violating New York Labor Law § 195(3).

96.     As a result, Defendant is liable to Plaintiff and members of the Rule 23 Class for statutory damages, together with reasonable attorneys' fees and costs, pursuant to New York Labor Law § 198(1-d).

**COUNT V**
**(Brought Individually and on Behalf of the Rule 23 Class)**
**VIOLATIONS OF THE NYLL, 12 N.Y.C.R.R. § 142-2.4**
**FAILURE TO PAY SPREAD-OF-HOURS PREMIUM**

97.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

98.     At all relevant times, Defendant employed members of the New York Rule 23 Class in New York during the applicable limitations period.

99.     New York law requires an employer to pay an additional one (1) hour of pay at the applicable minimum wage rate for each day an employee's spread of hours exceeds ten (10) hours.

100.    On one or more days during the relevant period, Plaintiff and those members of the New York Rule 23 Class worked workdays with a spread of hours exceeding ten (10) hours.

101.    Defendant failed to pay Plaintiff and those members of the New York Rule 23 Class the required spread-of-hours premium for those days.

102.    As a result of Defendant's violations, Plaintiff and those members of the New York Rule 23 Class are entitled to recover unpaid spread-of-hours premiums, statutory and/or liquidated damages as permitted by New York law, pre- and post-judgment interest, reasonable attorneys' fees and costs, and all other relief available.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests entry of an Order granting the following relief:

A.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Plaintiff's FLSA claim (Count I);

B.      Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) with respect to Plaintiff's NYLL claims (Counts II–V);

C.      Ordering Defendant to disclose, in computer-readable format (or in print if no computer-readable format is available), the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all similarly situated individuals, including authorizing dissemination of notice in a manner reasonably calculated to apprise such individuals of their rights to join or participate in this lawsuit;

D.      Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Class, and undersigned counsel as counsel for the FLSA Collective and Class Counsel for the Rule 23 Class;

E.      Declaring that Defendant's policies and practices alleged herein violate the Fair Labor Standards Act and the New York Labor Law;

F.      Enjoining Defendant from continuing the unlawful policies and practices alleged herein, and ordering Defendant to take all steps necessary to ensure future compliance with applicable wage-and-hour laws;

G.      Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

H.      Finding that Defendant violated the New York Labor Law and implementing regulations as alleged herein;

I.      Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, and the Rule 23 Class all unpaid wages and overtime compensation due, together with liquidated damages, statutory damages where applicable, and all other damages available by law;

J.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing and prosecuting this action, as provided by statute;

K.      Awarding pre-judgment and post-judgment interest as permitted by law; and

L.      Awarding such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through undersigned counsel, demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable rules and statutes.

Dated: March 25, 2026

By:   /s/ Nicholas Conlon
Nicholas Conlon (admitted 8/10/16)
Michael Rinderman (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Counsel for Plaintiff*